UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-850-RJC
(3:10-cr-273-RJC-2)

| ANTONIO DWAYNE HARRIS, | ) |
| --- | --- |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), on the Government's Motion for Summary Judgment, (Doc. No. 6), and on the Government's Motion for Extension of Time to Answer, (Doc. No. 4).

I.     BACKGROUND

Beginning in 2003 and continuing until his incarceration on related state charges, Petitioner participated in a conspiracy to steal merchandise from retail stores and then return the stolen items to another location of the retail store in exchange for a gift card matching the value of the returned merchandise. See (Case No. 3:10-cr-273-RJC-2, Doc. No. 3: Sealed Indictment; Doc. No. 71 at ¶¶ 6-21: Presentence Report). The co-conspirators then sold the gift cards to a third party. (Id.). Retailers lost $164,871.39 as a result of the scheme. (Id., Doc. No. 71 at ¶ 20). Petitioner was arrested in March 2008 at a T.J. Maxx and charged with shoplifting. (Id. at ¶ 13).

1

At the time of his arrest, Petitioner was accompanied by two other adults and three juveniles. (Id.). Petitioner later confessed to law enforcement to his participation in this conspiracy. (Id. at ¶ 14).

On December 15, 2010, a federal grand jury charged Petitioner, along with three others, of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1349, 1343. (Id., Doc. No. 3). On June 1, 2011, Petitioner entered a straight-up plea of guilty to the offense. (Id., Doc. No. 62: Acceptance and Entry of Guilty Plea). At the Rule 11 hearing, Petitioner acknowledged that he was under oath, the maximum penalties he faced for each count of conviction, that he understood how the sentencing guidelines may apply to his case, that no one had made him promises of leniency or a light sentence to induce his guilty plea, that he had sufficient time to discuss possible defenses with his attorney, and that he was satisfied with the services of his attorney. See (Id., Doc. No. 62: Acceptance and Entry of Guilty Plea; Doc. No. 110 at 3; 4; 7; 8; 12: Transcript of Plea and Rule 11 Hearing). At the conclusion of the hearing, based on Petitioner's responses, the magistrate judge found Petitioner's plea to be knowingly and voluntarily made. (Id., Doc. No. 62; Doc. No. 110 at 15).

Following entry of Petitioner's guilty plea, a probation officer prepared a draft presentence report ("PSR"), calculating a loss amount of $164,871.39 and recommending enhancements based on the fact that there were ten or more victims, Petitioner's use of an access device, and Petitioner's use of a minor to commit a crime. See (Id., Doc. No. 71 at ¶¶ 20; 33; 34; 37). The probation officer also recommended a three-level reduction for acceptance of responsibility. (Id., Doc. No. 71 at ¶ 41). As part of the PSR, the probation officer also summarized Petitioner's criminal history and recommended a category VI. (Id., Doc. No. 71 at ¶

2

65).  Petitioner objected to several aspects of the PSR, including his role in the offense, the loss amount, the use of an access device, and the use of minors to commit a crime.  (Id., Doc. No. 73).

Petitioner's sentencing hearing was on February 23, 2012.  After hearing arguments from the parties, the Court overruled Petitioner's objections to loss amount, the number of victims, use of an access device, and the use of minors, and Petitioner's request for a minimal participant reduction.  (Id., Doc. No. 111 at 9-10; 11; 15; 21).  With the Court's rulings, the Court found a total offense level 20 with a criminal history category VI, yielding an advisory range of 70-87 months' imprisonment.  (Id. at 21).  The Court ultimately sentenced Petitioner to 70 months' imprisonment and entered the judgment on February 28, 2012.  (Id., Doc. No. 96: Judgment).  Petitioner filed an untimely appeal, which the Fourth Circuit dismissed on November 27, 2012.  (Id., Doc. No. 118).  The Fourth Circuit issued its mandate on December 19, 2012.  (Id., Doc. No. 119).  Petitioner did not file a petition for writ of certiorari with the Supreme Court.

Petitioner placed his § 2255 motion in the prison mailing system on December 17, 2012, and the motion was stamp-filed in this Court on December 26, 2012.  In the motion, Petitioner alleges the following grounds for relief: (1) ineffective assistance of counsel based on counsel's advice to reject a plea offer of a range of 27-33 months' imprisonment by promising that Petitioner would serve a lesser amount, and by erroneously advising Petitioner that if he entered an open plea his sentence would be much lower; (2) Petitioner should not have received a two-level enhancement for using minors in committing the crime, contending that "the minors were not related to defendant and [were] with their mother who was an accomplice to the defendant"; and (3) the Court failed to grant Petition time-served credit for the time he spent in pre-trial

3

custody.

## II. STANDARD OF REVIEW

### A. Section 2255

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If a petitioner's motion survives initial review and once the Government files a Response, the Court must then review the materials submitted by the parties to determine whether an evidentiary hearing is warranted under Rule 8(a) of the Rules Governing Section 2255 Proceedings. After having considered the record in this matter, including the parties' summary judgment materials, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### B. Summary Judgment

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

## III. DISCUSSION

## A. Ineffective Assistance of Counsel Based on Counsel's Advice Regarding Petitioner's Plea

In his first ground for relief, Petitioner contends that he received ineffective assistance of counsel based on counsel's advice to reject the Government's plea offer of 27-33 months' imprisonment by promising that Petitioner would serve a lesser amount, and by erroneously advising Petitioner that his sentence would be much lower if he entered an open plea. The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced Petitioner. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

The two-part Strickland v. Washington test applies to ineffective assistance of counsel claims arising out of the plea-bargaining process. See Missouri v. Frye, 132 S. Ct. 1399, 1386-

5

87 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012); Hill v. Lockhart, 474 U.S. 52, 58 (1985). In Frye and Lafler, the Supreme Court recently examined the application of the Strickland test in the plea-bargaining process. The Court held in these companion cases that counsel's failure to communicate a formal plea offer to his client constitutes deficient performance as a matter of law. Furthermore, to establish prejudice the defendant has to show "not only a reasonable probability that he would have accepted the lapsed plea but also a reasonable probability that the prosecution would have adhered to the agreement and that it would have been accepted by the trial court." Frye, 132 S. Ct. at 1410-11.

Petitioner's trial counsel Roderick Wright submitted an affidavit responding to Petitioner's allegations. (Doc. No. 5-1: Wright Aff.). Wright states in the affidavit, "The evidence was such that [Petitioner] and counsel agreed that going to trial was not in [Petitioner's] best interest." (Id. at ¶ 3). Wright further attests that "[t]he Government never offered a plea to a range of 27-33 months," and counsel only mentioned that range once to Petitioner as "a best possible scenario, if defendant had a criminal history category of only III," which Wright communicated was only a possibility because the probation officer had not yet calculated Petitioner's criminal history. (Id. at ¶ 4).

Wright attests that "calculation of the criminal history category was not a factor in [Petitioner's] decision to plead guilty as opposed to going to trial and was not a factor in [Petitioner's] decision to enter into an open plea as opposed to a written plea agreement." (Id. at ¶ 5). Rather, plea discussions focused on Petitioner's potential offense level. (Id.). Wright states that he advised Petitioner "to enter into an open plea as opposed to the proposed written plea agreement because an open plea benefited [Petitioner] in three ways." (Id. at ¶ 13).

6

Specifically, the "open plea" allowed Petitioner to (1) challenge an enhancement based on loss amount; (2) challenge an enhancement based on number of victims; and (3) retain his appellate rights. (Id.). Furthermore, counsel Wright states that the Government denied his request to allow for a lower loss amount in a written plea agreement and to remove any enhancement based on number of victims. (Id. at ¶ 9). Wright adds that he "never promised [Petitioner] that he would receive a lower sentence by entering into an open plea but informed [him] that he would preserve his ability to argue for a lesser sentence by entering into an open plea, without any likelihood of receiving a larger increase than proposed [in the plea agreement] with respect to the loss amount and number of victims." (Id. at ¶ 13).

Counsel Wright concludes that Petitioner "was certain that he did not want to go to trial and . . . therefore had to decide whether to enter into a written plea agreement or enter into an open plea." (Id. at ¶ 17). Wright further states that he discussed with Petitioner how challenges to loss amount and the number of victims "could be argued in good faith and that he could possibly receive a sentence that was lower tha[n] what was called for by the proposed written plea, but at no time did counsel assure [Petitioner] that he would prevail on those arguments." (Id.).

Petitioner has not shown ineffective assistance of counsel arising out of counsel Wright's advice to Petitioner regarding his guilty plea. Most significantly, on summary judgment Petitioner has not presented any evidence to rebut Counsel Wright's statement in his affidavit that the Government never offered a plea deal in which Petitioner would receive 27-33 months' imprisonment. Counsel Wright explains that Petitioner's contention may have stemmed from counsel's and Petitioner's earliest discussions about the "best case scenario" with the assumption

7

that Petitioner's lengthy criminal history was only III, and before it was determined that Petitioner had a criminal history of VI. Counsel Wright further makes clear that Petitioner's decision to plead "straight up" allowed Petitioner the opportunity to challenge enhancements to the offense level calculation, which Petitioner could not have done if he had entered into a written plea agreement. Given that Petitioner had a good faith argument against enhancements based on loss amount and number of victims, and because the Government refused to grant counsel's request for a lower loss amount and the removal of the enhancement based on ten or more victims in a written plea agreement, counsel's advice was not deficient. Accordingly, Petitioner cannot demonstrate deficient performance or prejudice under <u>Strickland</u> or <u>Lafler</u>.

In sum, Petitioner's first ground for relief is without merit.

**B. Sentencing Enhancement Based on Use of Minor**

In his second ground for relief, Petitioner challenges the two-level enhancement for using a minor in the commission of the crime under U.S.S.G. § 3B1.4. In support of this claim, Petitioner contends that there were "no hard facts that defendant used the minors to participate in the scheme at any stage and this was not reasonably foreseeable at any stage by defendant." (Doc. No. 1 at 5). Petitioner's claim fails, as it is well-established that the misinterpretation or misapplication of a guideline provision does not amount to a miscarriage of justice that warrants relief under § 2255. See <u>United States v. Foote</u>, 784 F.3d 931, 939 (4th Cir. 2015) (citing <u>United States v. Mikalajunas</u>, 186 F.3d 490, 496-97 (4th Cir. 1999)).

In sum, Petitioner's second ground for relief is without merit.

**C. Credit for Time Served**

In his third and final ground, Petitioner challenges the Court's failure to "grant [him] credit

8

for time in pre-trial for federal case." (Doc. No. 1 at 7). Petitioner's challenge is not cognizable in this § 2255 motion, as his alleged failure to receive credit is not a constitutional challenge or a miscarriage of justice. Even if Petitioner had asked for credit at his sentencing hearing, this Court did not have the authority to give him credit for the time he spent in federal custody before sentencing, as that decision is within the sole province of the Attorney General, acting through the Bureau of Prisons. See 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 335 (1992). Moreover, if a petitioner is unsatisfied with the amount of credit he received after sentencing and after the Bureau of Prison's computation of Petitioner's jail-time credit, he must first seek administrative review of the calculations and may only seek judicial review after exhausting his administrative remedies. Wilson, 503 U.S. at 335. Here, nothing in the record indicates that Petitioner has sought such administrative review, and, even if he had, a § 2255 motion would not be the proper vehicle to address this issue.

In sum, Petitioner's third ground for relief is without merit.

IV.     CONCLUSION

For the reasons stated herein, the Court will deny the § 2255 petition and grant Respondent's motion for summary judgment.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. The Government's Motion for Summary Judgment, (Doc. No. 6), is **GRANTED**.

3. The Government's Motion for Extension of Time to Answer, (Doc. No. 4), is **GRANTED** nunc pro tunc.

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: December 8, 2015

Robert J. Conrad, Jr.
United States District Judge